**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TARA ALLEY, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2606** |
| **METROPOLITAN LIFE INSURANCE<br>COMPANY, et al.,**<br>    **Defendants** | **SECTION "E"** |

**ORDER AND REASONS**

Before the Court is a motion to transfer venue filed by Defendant, Joy Tonry ("Joy").[1] Joy argues that this Court should transfer the above-captioned matter to the Hattiesburg Division of the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a) because that is a more proper forum given the facts of this case. Plaintiffs, Tara Alley (*née* Conroy, "Tara") and Cullen Tonry ("Cullen") (together, "Plaintiffs"), oppose the motion.[2] For the following reasons, the motion is **DENIED**.

*Background*

The above-captioned matter arises from a dispute over proceeds from two life insurance policies. According to Plaintiffs' petition, their father, Richard A. Tonry ("the insured"), purchased a life insurance policy ("the MetLife policy") from defendant Metropolitan Life Insurance Company ("MetLife") on March 25, 1995. The original beneficiaries named in the MetLife policy were the insured's children: Richard A. Tonry, II ("Richard II"); Tara; and Cullen (together, "the children"). The MetLife policy provided

---

[1] R. Doc. 6.

[2] R. Doc. 9.

1

that the children would receive the proceeds of the policy in equal shares in the event of the insured's death. On or about September 21, 1995, the insured submitted a change of beneficiary form changing the beneficiaries of the MetLife policy to the insured's spouse – Joy – and the children. At that time, Joy, Richard II, Tara, and Cullen were to receive the proceeds of the MetLife policy in equal shares in the event of the insured's death. On January 28, 2011, the insured submitted a change of beneficiary form changing the primary beneficiary of the MetLife policy to Tara. Thus, as of January 28, 2011, Tara was to receive all of the proceeds of the MetLife policy in the event of the insured's death.

In addition, at some point prior to December 8, 2010,[3] the insured also purchased a life insurance policy ("the Primerica policy") from defendant Primerica Life Insurance Company ("Primerica"). On December 8, 2010, the insured submitted a change of beneficiary form changing the primary beneficiary to Cullen. Thus, as of December 8, 2010, Cullen was to receive all of the proceeds of the Primerica policy in the event of the insured's death.

The insured died on July 3, 2012, in Lamar County, Mississippi. At some point thereafter, MetLife informed Tara that she would receive all proceeds from the MetLife policy. However, on July 31, 2012, MetLife changed its position and informed Tara that it intended to honor a change of beneficiary form dated June 30, 2012, and received on July 9, 2012. This change of beneficiary form indicated that Joy was to receive 70% of the proceeds from the MetLife policy; Richard II, 10%; Tara, 10%; and Cullen, 10%.

In addition, on June 6, 2012, the insured allegedly submitted a change of beneficiary

---

[3] The exact date on which the insured purchased the Primerica policy is unclear on the face of the petition. The petition also does not allege which persons were the original beneficiaries of the Primerica policy.

form changing the beneficiaries of the Primerica policy.  This change of beneficiary form indicated that Joy was to receive 25% of the proceeds from the Primerica policy; Richard II, 25%; Tara, 25%; and Cullen, 25%.

Plaintiffs allege that the insured lacked the mental capacity to execute the June 6, 2012 and June 30, 2012 change of beneficiary forms, and thus that the forms are "absolute nullit[ies]."[4]  According to Plaintiffs, at the time these forms were allegedly signed, the insured was in hospice care and receiving morphine.  Furthermore, he suffered from dementia and a sodium imbalance, which rendered him mentally incompetent.  Finally, the insured also had a "massive and painful growth" on his dominant right hand, and as a result his right hand was "totally and completely useless."[5]

Consequently, on August 27, 2012, Plaintiffs initiated this matter in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, naming Joy, MetLife and Primerica (together, "Defendants") as defendants.  Plaintiffs assert claims for negligence and breach of contract against MetLife and Primerica under Louisiana law.  In addition, Plaintiffs claim that Joy "unilaterally, and without the legal or actual consent of the [insured], fraudulently executed the [insured's] name, initials, and otherwise completed the beneficiary change forms in their entirety dated June 20, 2012 and June 6, 2012."[6]  Plaintiffs seek the value of the life insurance proceeds of the MetLife and Primerica policies as of the date of the insured's death; pre-judgment and post-judgment interest on the value of the policies; penalties and interest pursuant to La. Rev. Stat. §§ 22:1973 and 22:1811;

---

[4] R. Doc. 1-1 at p. 2.

[5] R. Doc. 1-1 at p. 3.

[6] R. Doc. 1-1 at p. 7.

costs; and attorney's fees.

Joy timely removed this matter to the U.S. District Court for the Eastern District of Louisiana, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[7] Joy, a citizen of Mississippi, requests the Court to transfer this matter to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a) "because it is a more appropriate venue for Plaintiffs['] petition."[8] Joy argues that the Southern District of Mississippi is a proper venue under both 28 U.S.C. § 1391(b)(1) and (b)(2)[9] because (1) she is a Mississippi resident; (2) the insured was a resident of Mississippi for the last fifteen years of his life and executed the change of beneficiary forms at issue in Mississippi; (3) the probate of the insured's estate is proceeding in the Chancery Court for Lamar County, Mississippi; and (4) both Primerica and MetLife are corporations doing business in Mississippi.[10] While MetLife and Primerica have not filed memoranda opposing Joy's motion, Joy informs the Court that "both object to the transfer of venue."[11] Thus, Joy is the only party seeking to transfer this matter. Plaintiffs – as well as defendants MetLife and Primerica – object to a change of venue.

---

[7] Joy alleges that diversity jurisdiction pursuant to 28 U.S.C. § 1332 is proper because all parties are diverse and the amount in controversy exceeds $75,000, exclusive of costs and interests.

[8] R. Doc. 6-1 at p. 4.

[9] The Court observes that Joy cites 28 U.S.C. § 1391(a)(1) and (a)(2) in her motion. Congress modified Section 1391 with the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA"). *See* Pub. L. No. 112-63, 125 Stat. 758. These changes apply only to actions commenced on or after January 6, 2012. *See id.* § 205, 125 Stat. at 764. As Plaintiffs filed their petition in this matter on August 27, 2012, the amended version of Section 1391 applies. The FCJVCA recodified the former Section 1391(a) at Section 1391(b) with no substantive changes that affect the Court's analysis.

[10] R. Doc. 6-1.

[11] R. Doc. 6-1 at p. 4.

***Law and Analysis***

The U.S. Code permits a district court to transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district "where it might have been brought." 28 U.S.C. § 1404(a). A party moving to transfer venue must first demonstrate that the plaintiff could have brought the action in the transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). If venue in the transferee court would be proper, the moving party has the burden of showing "good cause" for transfer by "clearly demonstrat[ing] that a transfer is '[f]or the convenience of the parties and witnesses, in the interest of justice.' " *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*") (quoting 28 U.S.C. § 1404(a)). If the transferee court is not clearly more convenient, then the court deciding whether to transfer should respect a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 315.

In deciding whether to transfer a case when more than one venue is proper, a court must consider the private interest and public interest factors enunciated in *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508 (1947). *See Volkswagen II*, 545 F.3d at 315. The "private interest factors" include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *Volkswagen* I, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).

5

The "public interest factors" include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; (4) the avoidance of unnecessary problems of conflict of laws or application of foreign law. *Volkswagen* I, 371 F.3d at 203. These eight factors "are appropriate for most transfer cases, [but] they are not necessarily exhaustive or exclusive." *Id.* Nor is any one factor or combination of factors dispositive. *Id.*

Joy does not dispute that venue is proper in this district. Rather, she urges the Court to transfer this case to the Hattiesburg Division of the Southern District of Mississippi due to the private interest factors, as many documents and witnesses are located within one hundred miles of the U.S. District Courthouse in Hattiesburg, Mississippi. Likewise, Plaintiffs do not dispute that venue is also proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b)(1) or (b)(2). Rather, Plaintiffs contend that Joy has failed to show good cause why this case should be transferred, as many of the private interest and public interest factors do not weigh in favor of transfer. Plaintiffs request the Court to respect Plaintiffs' choice of venue.

The Court agrees with Plaintiffs that Joy has failed to show good cause why this case should be transferred. As to the private interest factors, Joy submits that she and the persons who witnessed the insured's will and change of beneficiary forms live in Mississippi. She also contends that the change of beneficiary forms are located in Mississippi. Plaintiffs respond that the insured was a longtime resident of St. Bernard Parish and that the law firm bearing his name – Tonry, Ginart & Jones, LLC, which is the succession's most valuable asset – is still operating in the parish. As Plaintiffs allege that the insured lacked mental capacity prior to his death, Plaintiffs submit that the insured's

6

Louisiana physicians, of which there are at least sixteen, will be key witnesses at trial. The insured also has a long history of treatment at Louisiana hospitals, such as the Louisiana Heart Hospital and the Ochsner Clinic, which possess documents related to the insured's medical history. Likewise, numerous "family, friends and business associates" reside in Louisiana and intend to testify at trial regarding the insured's mental and physical states. Plaintiffs further observe that the two "key" witnesses Joy has identified live within 100 miles of the U.S. District Courthouse in New Orleans, and thus are within the Court's subpoena power. In sum, Plaintiffs have identified far more witnesses and documents located in the Eastern District of Louisiana, and compulsory process may secure the attendance of the two key Mississippi witnesses. Thus, the first three private interest factors do not weigh in favor of transfer. In addition, the driving distance between the New Orleans and Hattiesburg U.S. District courthouses is approximately 112 miles. Plaintiffs', MetLife's and Primerica's counsel are located in New Orleans. As a result, the Court finds that a trial will be just as easy, expeditious and inexpensive in New Orleans as it will be in Hattiesburg. In sum, transferring this case to the Southern District of Mississippi would shift the inconvenience from Joy to Plaintiffs, MetLife and Primerica, and the Court will not shift the burden from one party to the others absent a compelling reason to do so. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2009 WL 4723138, at *2 (E.D. La. Dec. 7, 2009) (Engelhardt, J.).

The public interest factors also do not weigh in favor of transfer. The Eastern District of Louisiana is no more congested than the Southern District of Mississippi. In addition, Plaintiffs assert claims under Louisiana law and the Court may be called upon to interpret insurance contracts that were allegedly executed in St. Bernard Parish. As this

Court sits in Louisiana, the Court is deciding local interests at home, is intimately familiar with the law of the forum, and will be applying Louisiana law. In essence, this Court is well suited to deciding the issues before it.

Given that this is not a case where the plaintiffs selected a forum that is completely unrelated either to the parties or the events giving rise to the litigation, Plaintiffs' choice of forum should be given deference. *See Travelers Cas. & Surety Co. of Amer v. Univ. Facilities, Inc.*, 2011 WL 197897, at *7 (E.D. La. Jan. 20, 2011) (Vance, J.).

Accordingly, for the reasons assigned,

**IT IS ORDERED** that the motion to transfer venue is **DENIED.**

**New Orleans, Louisiana, this 29th day of May, 2013.**

                                      _____
                                            **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**